IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA G. COOK, )
)
Plaintiff, )
)
vs. ) Case No. 11-2184 CM/KGS
)
UNIVERSITY OF KANSAS, )
And OLA FAUCHER, )
)
Defendants. )
_____)

## COMPLAINT

The plaintiff, Cynthia G. Cook, for her claims against the defendants, the University of Kansas and Ola Faucher, states and alleges the following:

### JURISDICTION AND VENUE

1. This is an employment case based upon and arising under the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 621, et. seq., and 42 U.S.C. § 1983.

2. This court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law. The plaintiff filed an administrative charge encompassing some of the wrongful acts alleged in this action. She has received a right-to-sue letter from the Equal Employment Opportunity Commission, and she filed this action 90 days of her receipt of that letter.

3. All of the wrongful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The plaintiff, Cynthia G. Cook, was born in 1957, and she was formerly employed by the University of Kansas. Ms. Cook is a resident of the City of Lawrence in Douglas County, Kansas.

5. The defendant, the University of Kansas ("KU"), is a state-supported educational institution, whose main campus is located in Lawrence, Kansas.

6. The defendant, Ola Faucher, is employed by KU as the Director of Human Resources/Equal Opportunity. She is being sued in both her official capacity and her individual or personal capacity. Ms. Faucher is a resident of the City of Lawrence in Douglas County, Kansas.

## FACTUAL ALLEGATIONS

7. Ms. Cook was hired by KU in June of 1980 as a Secretary I, and she was a classified employee under the Kansas Civil Service Act. As a classified employee, Ms. Cook was not an at-will employee because she could only be terminated for just cause.

8. In 2005, the Kansas Legislature enacted K.S.A. 76-715a, which allowed KU to convert all classified employee positions to unclassified positions. However, K.S.A. 76-715a specifically stated: "Implementation of this section shall not cause a salary reduction or layoff of any classified employee."

9. Pursuant to K.S.A. 76-715a, KU converted Ms. Cook's classified position to an unclassified position, and on or about January 18, 2008, Ms. Cook became an Information Specialist in the Customer Service Center.

10. In January of 2009, seven full-time employees of the Customer Service Center, including Ms. Cook, were notified by Ms. Faucher that they were being laid off, effective June 30, 2009, due to a reorganization caused by budgetary problems. All seven of these employees were over the age of 40.

11. On June 18, 2009, Ms. Cook was notified by a letter from Ms. Faucher that her layoff date was being extended to August 31, 2009. According to this letter, Ms. Cook's layoff date was extended because "the customer service area still has a need for your expertise in providing assistance to users while the reorganization is being finalized."

12. In July of 2009, Heather Coffman was hired as the new manager of the Customer Service Center. At that point in time, Ms. Coffman was about 32 years old.

13. In August of 2009, Ms. Cook was interviewed by Ms. Coffman for a position as Information Specialist I - Help Desk Team Lead. Three other candidates were also interviewed for this position; one of these other candidates was 42 years old, and the other two were 29 years old.

14. Ms. Cook was better qualified and had more experience than all three of the other, younger candidates. However, based on Ms. Coffman's recommendations, all three of the other, younger candidates were selected to fill a Team Lead position, but Ms. Cook was not selected.

15. Ms. Cook's employment with KU was terminated on August 31, 2009.

## COUNT I:  AGE DISCRIMINATION

16. The above paragraphs 1-15 are incorporated herein by reference.

17. The ADEA prohibits employers from discriminating against employees because of their age. KU is an "employer" within the meaning of the ADEA.

18. KU discriminated against Ms. Cook because of her age by laying her off from her position as an Information Specialist in the Customer Service Center.

19. KU further discriminated against Ms. Cook because of her age by failing to hire her to fill a Team Lead position in the Customer Service Center.

20. As a result of KU's illegal and intentional misconduct, Ms. Cook has suffered substantial economic losses, loss of enjoyment of life, anger, emotion distress, and mental anguish.

21. In discriminating against Ms. Cook, KU willfully violated the ADEA. Consequently, KU is liable for liquidated damages.

WHEREFORE, Ms. Cook prays for judgment against KU for damages in excess of $100,000.00, consisting of back pay, front pay or reinstatement, loss of benefits, liquidated damages, attorney fees and litigation expenses, and prejudgment interest.

## COUNT II:  DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS

22. The above paragraphs 1-21 are incorporated herein by reference.

23. The Fourteenth Amendment to the United States Constitution protects Ms. Cook from being deprived of her property interest without due process of law. Ms. Cook's property interest is further protected by 42 U.S.C. § 1983, which imposes liability on any person acting under the color of state law who deprives another person of his or her property interest without due process.

24. Ms. Faucher is a "person" within the meaning of 42 U.S.C. § 1983 in both her official capacity and her personal capacity.

25. Ms. Cook had a property interest in her continued employment with KU, based upon an implied-in-fact contract of employment. This implied-in-fact contract of employment arose from Ms. Cook's status as a classified employee under the Kansas Civil Service Act, and from the provisions of K.S.A. 76-715a.

26. KU delegated to Ms. Faucher the final policymaking authority to terminate Ms. Cook's continued employment.

27. By terminating Ms. Cook from her continued employment without notice and an opportunity to be heard, Ms. Faucher deprived Ms. Cook of her constitutional right of due process under the color of state law, in violation of 42 U.S.C. § 1983. By depriving Ms. Cook of her constitutional right of due process, Ms. Faucher violated clearly established law.

28. As a result of the deprivation of her constitutional right of due process, Ms. Cook has suffered damages in the form of past and future financial loss, emotional distress, and mental anguish.

29. By depriving Ms. Cook of her constitutional right of due process, Ms. Faucher acted with malice or with reckless indifference to Ms. Cook's federally protected rights. Ms. Cook is therefore liable for punitive damages in her personal capacity.

WHEREFORE, Ms. Cook prays for judgment against Ms. Faucher consisting of: (a) an order declaring that Ms. Cook has been deprived of her right of due process; (b) an order enjoining Ms. Faucher to reinstate Ms. Cook to her employment with KU; and (c) an award of damages in excess of $100,000.00, consisting of past and future

financial loss, mental anguish, emotional distress, anger, loss of enjoyment of life, punitive damages, attorney fees and litigation expenses, and prejudgment interest.

>SLOAN, EISENBARTH, GLASSMAN
>McENTIRE & JARBOE, L.L.C.
>
>BY:   s/Alan V. Johnson
>         Alan V. Johnson, KS #9992
>         1000 Bank of America Tower
>         534 South Kansas Avenue
>         Topeka, Kansas 66603-3456
>         Attorney for Plaintiff

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

        SLOAN, EISENBARTH, GLASSMAN
        McENTIRE & JARBOE, L.L.C.

        BY:   S/Alan V. Johnson
        Alan V. Johnson, KS #9992
        1000 Bank of America Tower
        534 South Kansas Avenue
        Topeka, Kansas 66603-3456
        Attorney for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

        SLOAN, EISENBARTH, GLASSMAN
        McENTIRE & JARBOE, L.L.C.

        BY: s/Alan V. Johnson
        Alan V. Johnson, KS #9992
        1000 Bank of America Tower
        534 South Kansas Avenue
        Topeka, Kansas 66603-3456
        Attorney for Plaintiff