# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CYNTHIA G. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-02184-KHV-KGS |
| | ) | |
| UNIVERSITY OF KANSAS | ) | |
| and OLA FAUCHER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM IN SUPPORT</u>
## <u>OF</u>
## <u>DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>

In this employment case, Defendants moved the Court to dismiss plaintiff's original complaint. In response, plaintiff filed an amended complaint [Doc. 10]. The amended complaint drops the University of Kansas as a defendant and instead asserts the ADEA claim against Ms. Faucher in her "official capacity." Cook dropped her claims against KU because she "concedes that the University of Kansas, as an agency of the State of Kansas, enjoys sovereign immunity in regard to claims under the ADEA … ." Doc. 11 at 2. Given the absence of any remaining claims against it, KU asks the Court to formally dismiss the case against it.

Defendant Ola Faucher also renews her motion to dismiss. The ADEA claim is improper because Ms. Faucher is not an "employer" under that law. The due process claim remains improper because state law created no property right that extended to layoffs, and the claim is barred by the two-year statute of limitations. Accordingly, plaintiff's amended complaint should be dismissed.

## NATURE OF THE MATTER BEFORE THE COURT

This is an employment case with two counts.  In Count I, plaintiff claims Ola Faucher violated the Age Discrimination in Employment Act (ADEA) "by approving the decision not to select Ms. Cook for placement" in a Team Lead position.  In Count II, plaintiff claims she had a property interest in continued employment, and that defendant Ola Faucher deprived her of that right by terminating her continued employment without providing a hearing.  Faucher denies these allegations.

## STATEMENT OF THE FACTS[1]

The University of Kansas ("KU") is a state-supported educational institution, whose main campus is located in Lawrence, Kansas.  *See* K.S.A. 76-711(a).  Defendant Ola Faucher is KU's Director of Human Resources/Equal Opportunity.  Amended Complaint [Doc. 10], ¶5.

Plaintiff Cynthia G. Cook was born in 1957 and is thus approximately 53 years old.  She was hired by the University of Kansas in June of 1980 as a Secretary I, and she was a classified employee under the Kansas Civil Service Act.  Am. Complaint, ¶¶ 4 and 6.  As allowed under a 2005 statute, K.S.A. 76-715a, KU converted plaintiff's classified position to an unclassified position, and on or about January 18, 2008, plaintiff became an Information Specialist in the Customer Service Center.  *Id.*, ¶8.

In January 2009, Ms. Cook and six other full-time employees of the Customer Service Center were notified by defendant Faucher that they were to be laid off effective June 30, 2009, due to a reorganization caused by budgetary problems.  *Id.*, ¶9.  In June 2009, the layoff date was extended to August 31, 2009.  *Id.*, ¶12.

---

[1]  The facts herein are taken from plaintiff's amended complaint and are set forth as "fact" only for purposes of this motion according to the standards governing Rule 12 motions.  Defendants reserve the right to contest any or all of these "facts" at trial or in later pleadings, and they specifically deny that any discrimination or other wrongful conduct has occurred in this case.

KU has a layoff policy that states:

**Layoff Definition:**

A layoff is a reduction in work force usually necessitated by either shortage of work or funds, reinstatement of an employee from leave, the abolition of a position, or other material change in duties or reorganization. A layoff action can result in:

- Separation from University employment; or

- Placement into a 'comparable position' currently filled by an employee on initial probationary status if available and selection criteria are met; and/or

- Placement in a position in a different salary grade, band and level than previously held (required qualifications must be met); and/or

- Reduction in the number of months worked during a year; and/or

- Reduction in number of hours worked (FTE) during the work week.

*Id.*, ¶10.  "Pursuant to KU's Layoff Policy," Cook applied for two other positions, including a position as a Team Lead.  *Id.*, ¶11.  In August of 2009, Cook interviewed for the Team Lead position, *id.*, ¶14, but she was not selected.  Her employment with KU ended on August 31, 2009.  *Id.*, ¶16.

Plaintiff filed this suit on March 29, 2011 against KU for age discrimination and against Faucher for due process violations.  Defendants moved to dismiss, and on May 23, plaintiff filed an amended complaint.  Doc. 10.  The amended complaint drops KU and names Faucher "in her official capacity" as the defendant for her age discrimination claim.  She seeks reinstatement for the alleged age discrimination and damages and injunctive relief for the alleged due process violation.  Faucher moves this Court to dismiss both claims against her.

## QUESTIONS PRESENTED

1. Whether defendant Faucher is an "employer" for purposes under the ADEA and whether the Eleventh Amendment bars plaintiff's "official capacity" claims.

2. Whether plaintiff has properly alleged a protected property right, and if so, whether her Section 1983 due process claim is barred by the applicable statute of limitations.

**ARGUMENT**

This motion is brought pursuant to Federal Rules 12(b)(6) and 12(b)(1).  In ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  The plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action, however; the factual allegations must be enough to raise a right to relief above the speculative level.  *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) (citing *Iqbal*, quotations omitted).

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The burden rests on the plaintiff, however, to establish subject matter jurisdiction because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Plaintiff must demonstrate that the case should not be dismissed, and conclusory allegations of jurisdiction are not sufficient.  *Jones v. Wichita State University*, 2007 WL 926075, *1, Case No. 06-2131-KHV (D.Kan. 2007) (citing *Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993)).

## I.      Count I of Plaintiff's Complaint Fails to State A Claim

### a.  Defendant Faucher is Not An "Employer" Under the ADEA

In response to Defendant's initial motion to dismiss, Plaintiff dropped her age discrimination claim against KU, acknowledging that as an agency of the State of Kansas, KU "enjoys sovereign immunity in regard to claims under the ADEA … ." Doc. 11 at 2.  The

amended complaint now asserts the age discrimination claim against an individual defendant, Ola Faucher. Because individual supervisors and officials are not "employers" under the ADEA, plaintiff's claim remains deficient and should be dismissed.

The ADEA defines "employer" as a "person engaged in an industry affecting commerce who has twenty or more employees ... [including] any agent of such a person." 29 U.S.C. § 630(b).  Following Tenth Circuit precedent, this Court has repeatedly found individual supervisor liability improper under the ADEA's definition of employer.  *See Ayalla v. United States Postal Service,* 2002 WL 31499276 (D.Kan.) (Vratil, J.) ("As individual supervisors, these defendants are not liable under the ADEA."); *Ledbetter v. City of Topeka, Kan.,* 112 F.Supp. 2d 1239, 1244 (D.Kan. 2000); *Merkel v. Leavenworth County Emergency Medical Services*, 2000 WL 127266 at *5 (D.Kan.) ("individual defendants may not be held liable for discrimination or retaliation under the ADEA"). Accordingly, plaintiff's ADEA claim against Ms. Faucher should be dismissed.

**b.  Sovereign Immunity Bars Plaintiff's ADEA Claim**

By suing defendant Faucher in her "official capacity," plaintiff raises sovereign immunity issues.  State sovereign immunity is a threshold jurisdictional issue.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Brockman v. Wyoming Dept. of Family Services*, 342 F.3d 1159, 1163 (10th Cir. 2003).  The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  The Eleventh Amendment doctrine of sovereign immunity bars actions for damages against a State, its agencies *and its officials acting in their official capacities*.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Ross v. The Board of Regents of the*

*University of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010); *Taher v. Wichita State Univ.*, 2007 WL 852364, 2 (D. Kan. Mar. 19, 2007).  That immunity extends to actions brought against the State by its own citizens.  *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)); *Smith v. Kansas,* 574 F.Supp.2d 1217, 1220 (D.Kan. 2008).

Universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter egos of the State and share its Eleventh Amendment immunities. *Brennan v. Univ. of Kansas*, 451 F.2d 1287, 1290-91 (10th Cir. 1971); *Billings v. Wichita State Univ.*, 557 F. Supp. 1348, 1350 (D. Kan. 1983). KU is a state university.  *See* K.S.A. 76-711(a).

The Supreme Court has determined that states are immune from claims under the ADEA, holding that while "the ADEA does contain a clear statement of Congress' intent to abrogate the States' immunity, ... the abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment."  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 67 (2000).  Since *Kimel*, courts have dismissed individual claims for age discrimination against state agencies, including the University of Kansas, for lack of jurisdiction. *Migneault v. Peck*, 204 F.3d 1003, 1004 (10th Cir. 2000); *Paul v. University of Kansas Medical Center*, 2009 WL 4884488 at *2, Case No. 09-0192-CV-W-FJG (W.D. Mo. 2009) ("In particular, plaintiff's claims in Count I are premised on violations of the ADEA, and those claims against the state are barred by the Eleventh Amendment to the United States Constitution.");  *Smith v. Kansas*, 574 F.Supp.2d 1217, 1221 (D.Kan. 2008) ("plaintiff has not shown that defendant has waived its Eleventh Amendment immunity, (therefore) plaintiff's ADEA claims are barred.").

Plaintiff will no doubt claim that because Faucher is sued in her "official capacity," her claim may proceed.  But the Tenth Circuit has recently ordered the dismissal of official capacity

claims against state officials under the ADEA.  *See Helmick v. Utah Valley State College*, 394 Fed.Appx. 465, 466, 2010 WL 3446854, 1 (10th Cir. 2010).  In *Helmick*, the plaintiff sued his state college employer and two college administrators under the ADEA and Seciton 1983.  The district court held it "lacked subject matter jurisdiction over the ADEA claims brought against (the college) and the individual defendants in their official capacities because Defendants were entitled to Eleventh Amendment immunity with respect to these claims."  *Id.*  However, the district court remanded the case to a state agency for further proceedings.  On appeal, the Tenth Circuit reversed the remand order and instead sent the case back to the district court "with instructions to dismiss Helmick's ADEA claims for lack of subject matter jurisdiction."  394 Fed.Appx. at 467.  Given the court's action ordering dismissal of ADEA "official capacity" claims against individual defendants, plaintiff's claim here against Ms. Faucher should likewise be dismissed.

There is yet another reason for dismissal of the "official capacity" claim against Ms. Faucher: it is duplicative of the claim already asserted against the University.  In *Shabazz v. Texas Youth Com'n*, 300 F.Supp.2d 467, 474 (N.D.Tex. 2003), the court dealt with ADA claims against a state agency and several individuals sued in their "official capacities."  After finding the ADA claims barred by sovereign immunity, the court went on to dismiss the official capacity claims as redundant, posing the risk of double liability.  *Id.* at 474.  The same scenario is presented here.  Plaintiff sued KU, concedes KU is immune, and now asserts the same claim against Ms. Faucher in her "official capacity."  The duplicative claim against Ms. Faucher should therefore be dismissed.

**II.     Count II of Plaintiff's Complaint Fails to State a Due Process Claim**

In Count II of the complaint, plaintiff claims that Ms. Faucher deprived plaintiff of a property right without due process of law, by terminating her employment without notice and an opportunity to be heard.   Complaint ¶¶24-27.   Plaintiff claims that in January 2009 she was "notified by Ms. Faucher that (she was) projected to be laid off" effective June 30, 2009. Complaint, ¶9.  Because plaintiff has failed to allege a viable property right under state law, she has failed to state a viable 1983 claim.  Even if she had such a property right, however, she was notified of her layoff more than two years before she filed this suit, and the claim is therefore barred by the statute of limitations.

**a.   Plaintiff Has Failed to Allege A Protected Property Interest**

The Due Process Clause prohibits a state from depriving an individual of property rights absent due process of law.  *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009).  A plaintiff cannot allege a violation of either procedural or substantive due process if she does not first show that she had a protected property right. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).  Property interests are not created by the federal constitution, but rather are created and defined by rules or understandings from an independent source such as state law.  *Lassiter v. Topeka Unified School Dist. No. 501*, 347 F.Supp.2d 1033, 1044 (D.Kan. 2004).  "Thus, constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials." *Hulen v. Yates*, 322 F.3d 1229, 1240 (10th Cir. 2003).

Plaintiff's complaint alleges a property interest in continued employment as a classified employee, but the only bases she identifies for that alleged interest are two state statutes.  The statutes on which plaintiff bases her property interest are (1) the Kansas Civil Service Act, and

(2) K.S.A. 76-715a.  *See* Complaint ¶24.[2]  Neither statute creates a property interest for plaintiff that extends to a layoff, and her 1983 claim should be dismissed.

1.   <u>Plaintiff Had No Property Rights under the Kansas Civil Service Act</u>

As a matter of state law, the Kansas Civil Service Act did not create a property interest that applied to her layoff in January 2009, for two reasons.  First, as she alleges, she was not a classified employee.  *See* Am. Complaint, ¶8 ("KU converted Ms. Cook's classified position to an unclassified position, and on January 18, 2008, Ms. Cook became an Information Specialist in the Customer Service Center.").   Employees that are not actually classified do not have a property interest in their continued employment.  *Whitmore v. State of Kansas*, 590 P.2d 106, 108 (Kan.App. 1979) (provisional employee retained beyond the maximum period authorized by statute had no property interest in his employment).

Second, even if she had still been a classified employee, classified status does not protect Kansas employees from layoffs.  The Kansas Civil Service Act addresses layoff situations separate from dismissal, demotion, or suspension.  *See* K.S.A. 75-2948. That statute makes clear that the state agency "may lay off an employee in the classified service whenever the (agency) deems it necessary by reason of shortage of work or funds, the return of an employee from authorized leave, or the abolition of a position or other material change in duties or organization."  K.S.A. 75-2948(a).  Thus, the same Civil Service Act plaintiff claims creates her property right makes clear that its protection does not extend to layoffs.  Plaintiff was laid off with six other employees as part of a reorganization.  Am. Complaint, ¶9.  Indeed, plaintiff

---

[2] These legal conclusions are not to be credited when ruling on a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Because the only alleged factual bases for Plaintiff's alleged property interest are statutes, this Court may examine the legal basis for her property interest as a matter of law.

admits that she was laid off, as she alleges that she applied for two other positions "[p]ursuant to KU's layoff policy."  Am. Comp., ¶11.

Accordingly, she had no property right affected by the layoff.  *See Harton v. Sperry*, 869 P.2d 752 (Kan. App. 1993) (employee affected by reorganization did not have hearing rights applicable to dismissals, demotions, and suspensions).  Absent a property right, plaintiff's claim should be dismissed.

2.   <u>Plaintiff Had No Property Rights under K.S.A. 76-715a.</u>

The second basis plaintiff alleges as the source of a property right in continued employment is K.S.A. 76-715a (the "Conversion statute").  This 2005 statute codifies KU's right to convert plaintiff's classified position to one that is not classified.  *See* Kansas Session Laws 2005, ch 94, §1.  Plaintiff, however, claims that one sentence in the Conversion statute creates a property right for her that entitled her to due process:  "Implementation of this section shall not cause a salary reduction or layoff of any classified employee."  Complaint, ¶8 (quoting K.S.A. 76-715a).

This statute creates no rights in the plaintiff.  First, this sentence creates no rights at all. It is utterly devoid of any rights-creating language sufficient to support a 1983 claim.  *See Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002) (making clear that only unambiguously conferred rights, as distinguished from mere benefits or interests, are enforceable under § 1983). It is instead a statute focused on the operations of state universities, not on the individual rights of employees.  *See Day v. Bond*, 500 F.3d 1127, 1139 (10th Cir. 2007) (statute addressed to institutions created no rights in plaintiffs).

Second, plaintiff does not and could not allege that implementation of the Conversion statute caused her layoff.  According to the Amended Complaint, KU converted her position to

unclassified, and in January 2008 she "became an Information Specialist in the Customer Service Center."  Complaint, ¶9.  That date was more than a year before her layoff, a layoff that resulted from reorganization, not from implementation of the statute.  Nowhere in the Conversion statute does it state that the newly unclassified employees would be permanently exempt from layoffs. It merely tells the institution it may not lay off staff when it converts them.  Because the Conversion statute creates no property rights in the plaintiff, she has no interest protected by Section 1983, and Count II of her complaint should be dismissed.

Even if KU had laid plaintiff off when implementing the Conversation statute, it did not violate her right to due process.  The Civil Service Act already made an exception for layoffs. *See Harton v. Sperry*, 869 P.2d 752 (Kan. App. 1993) (employee affected by reorganization did not have hearing rights applicable to dismissals, demotions, and suspensions).  The Conversion statute did not convey any new rights to plaintiff, and "[a] state's violation of its own law … is not sufficient, in and of itself, to create a federal constitutional violation." *Becker v. Kroll*, 494 F.3d 904, 917 (10th Cir. 2007).  Plaintiff's due process claim should be dismissed.

### b.  Plaintiff's 1983 Claim is Barred by the Statute of Limitations

If the Court finds that plaintiff had a protected property right that extends to layoffs, her 1983 claim should nevertheless be dismissed because it is barred by the statute of limitations.

In a civil rights action brought under 42 U.S.C. § 1983, the court applies the applicable state statute of limitations. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).  In Kansas, the two-year statute of limitations in K.S.A. 60-513 applies. *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 630-31 (10th Cir. 1993).

Federal law, however, controls the question of when a federal cause of action accrues. *Baker*, 991 F.2d 628 at 632; *Farmers & Merchants Nat. Bank v. Bryan*, 902 F.2d 1520, 1522

(10th Cir. 1990); *Delatorre v. Minner*, 238 F.Supp.2d 1280, 1286 (D.Kan. 2002).  A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Baker*, 991 F.2d at 632 (affirming dismissal of 1983 claim); *Johnson v. Johnson County Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

In employment cases brought under 1983, the cause of action accrues when the employee receives notice of the termination decision.  In *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981), the plaintiff-employees received notice of termination effective at a later date.  The Supreme Court held that the claim accrued on date of the notice, not the effective date of termination, because the employees "were notified, when they received their letters, that a final decision had been made to terminate their appointments.  The fact that they were afforded reasonable notice cannot extend the period within which suit must be filed." *Id.*  Thus, the claims were barred.  *See also Almond v. Unified School Dist. No. 501*, 749 F.Supp.2d 1196, 1214-15 (D.Kan. 2010) ("Plaintiffs' failure—or inability—to take advantage of the grace period extended to them before the full force of the job transfers was felt, does not toll the statute of limitations for filing claims on the basis of their transfers to lower-paying positions.").[3]

Here, plaintiff received notice in January 2009 that her position was to be eliminated.  Am. Comp. ¶9.  Thus, she had notice in January 2009 that a final decision had been made to terminate her appointment as an Information Specialist, and her claim accrued when she received that notice.  She did not file this action, however, until March 2011 – more than two years after her claim accrued.  Accordingly, this claim should be dismissed.

---

[3] *See also Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (in discrimination claims, proper focus for determining when claim accrued was the time of the discriminatory act, not the point at which the consequences of the act become painful).

With her artfully revised pleading, plaintiff now claims she did not know and should not have known that her projected layoff would result in her termination until August 2009, when she was not selected from the Team Lead position.  Am. Complaint, ¶16.  This bald conclusion contradicts her well-pleaded facts.  Plaintiff knew she was being laid off.  That is why, "Pursuant to KU's Layoff Policy," Cook applied for two other positions, including a position as a Team Lead.  *Id.*, ¶11.  Cook's invocation of the layoff policy makes clear what her original complaint stated precisely:  she received notice in January 2009 that she "was being laid off."  Plaintiff's artfully revised claim that she only received notice that she was "projected to be laid off" is a distinction without a difference.

Plaintiff obviously knew her information specialist position was ending – she sought another position.  If she had sufficient notice to seek another job, she had sufficient notice to trigger the statute of limitations.  Because she waited more than two years after receiving that notice to bring this claim, her claim is barred.

## CONCLUSION

For the foregoing reasons, Defendants KU and Ola Faucher respectfully request that the Court dismiss plaintiff's claims.

Respectfully submitted,

   /s  Michael C. Leitch
Michael C. Leitch, Kansas Sup. Ct. # 19588
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045
Tel:    (785) 864-3276
Fax:    (785) 864-4617
Email:  mleitch@ku.edu

*Attorney for Defendants University of Kansas and Ola Faucher*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2011, a true and correct copy of this document was

electronically filed with the clerk of the court by using the CM/ECF system which will provide

notice of filing to:

Alan V. Johnson
Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C.
1000 Bank of America Tower
534 S. Kansas Ave.
Topeka, Kansas 66603-3456
Email: ajohnson@sloanlawfirm.com
*Attorney for Plaintiff*

                        /s   Michael C. Leitch_____
                        *Attorney for Defendants*