IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CYNTHIA G. COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-02184-KHV-KGS |
| | ) | |
| UNIVERSITY OF KANSAS | ) | |
| and OLA FAUCHER, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM
IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants respectfully submit this Reply Memorandum in further support of their Motion to Dismiss the Amended Complaint.

**1.  The University should be dismissed.**

Plaintiff's amended complaint drops the University of Kansas as a defendant. Plaintiff's opposition does not dispute the request for formal dismissal of the University, and thus the University asks that it be formally dismissed as a defendant herein.

**2. The Age Claim and Sovereign Immunity**

Plaintiff's concessions alter the Sovereign Immunity analysis.  Plaintiff now states that she seeks no damages on her ADEA claim and only seeks reinstatement, and she brings the claim against Defendant Faucher solely in her official capacity.  Pl. Mem. at 3-4.  Given her pursuit of the limited prospective injunctive relief (assuming she can prove a violation of law and the propriety of such relief, both of which Defendants deny), Defendants agree that sovereign immunity would not bar such relief.

### 3. Plaintiff Had No Property Interest As it Relates to Layoff.

Plaintiff's arguments as to her due process claim, however, remain deficient, and the claim should be dismissed. Plaintiff claims a property interest under the Kansas Civil Service Act and K.S.A. 76-715a, the 2005 statute allowing the University to convert her position to an unclassified position ("conversion statute").

Plaintiff concedes that at the time of her layoff, she was not a classified employee. An unclassified employee has no property right in continued employment. Thus, when she received notice of layoff in January 2009, she had no rights as a classified employee. *See Whitmore v. State of Kansas*, 590 P.2d 106, 108 (Kan.App. 1979). Thus, the Kansas Civil Service Act does not create the property interest plaintiff's claim requires.

Plaintiff, however, cites *Darling v. Kansas Water Office*, 774 P.2d 941 (Kan. 1989) and then embarks on re-writing the conversion statute while ignoring the relevant provisions of the Kansas Civil Service Act. Plaintiff quotes *Darling* correctly, but she glosses over the significant factual differences between it and this case –differences the Court itself highlighted.

In *Darling*, as the Court described, "A handful of employees in a specific state agency were singled out by the legislature to be stripped of their rights under the Kansas Civil Service Act and terminated." *Id*. at 943. The legislation had the singular purpose and effect of stripping existing employees of their due process protections. Accordingly, the Court held the legislation unconstitutional. In doing so, the Court pointed out:

> it should be emphasized that *the case before us does not involve elimination of a state agency, reduction of positions authorized for a state agency, consolidation of two agencies into one, transfer of functions from one agency to another, or any other situation involving elimination of particular positions*. Further, this action does not involve the State's right to declassify a position prospectively, effective only as to employees to be hired in the future. Had Senate Bill No. 501 declassified the positions without the mandatory terminations and grandfathering

> in, to existing employees, their civil service rights, the case herein would not be before us.

*Id*. at 944 (emphasis added). Plaintiff focuses on the second and third sentences, and she ignores the first. But it is the first sentence that is important, because this case *does* involve a reorganization eliminating positions.

The reason for the Court's emphasis is a simple matter of statutory law – classified employees do not have due process rights in those situations. Rather, classified employees are protected from discharge for reasons that have something to do with *them*; they are *not* protected when their discharge has to do with their *position*. That is why the Kansas Civil Service Act at K.S.A. 75-2948 provides that a state agency "may lay off an employee in the classified service whenever the (agency) deems it necessary by reason of shortage of work or funds, the return of an employee from authorized leave, or the abolition of a position or other material change in duties or organization." K.S.A. 75-2948(a).[1] In those situations, the state does not need "just cause" for termination. Thus, even if plaintiff had been a classified employee, the Civil Service Act protection did not extend to situations involving reorganization. Plaintiff cannot cite the Act as the basis for her property interest without taking *all* of its sections, and plaintiff's memorandum says nothing about the applicability of the layoff section.

Unlike *Darling,* here the legislature broadly allowed the University to convert classified positions to unclassified, but it prohibited discharge in that conversion, telling the University that "implementation … shall not cause a … layoff of any classified employee." K.S.A. 76-715a. In this case, implementation of K.S.A. 76-715a did *not* cause a layoff, and plaintiff does not allege

---

[1] That language is also contained in KU's Layoff Policy. Am. Comp. ¶10.

that it did. Thus, the conversation statute did not create the property interest plaintiff's due process claim requires.

Not helped by the actual language of the conversion statute, plaintiff attempts to re-write it, arguing that *Darling* means the statute actually says that the conversion of KU's classified employees "only operated prospectively" to apply to employees "hired in the future." Pl. Mem. at 9. This argument is creative, but it is fatally flawed. First, and most importantly, plaintiff's argument contradicts the allegations of her amended complaint. Plaintiff has alleged that "KU converted Ms. Cook's classified position to an unclassified position" in 2008 (Am. Comp. ¶8). Plaintiff's argument therefore lacks any factual basis. Second, the actual language of the conversion statute says nothing about prospective application. Third, plaintiff's argument ignores the other provisions of the conversion statute. That statute did not take away any rights. Rather, it mandated that due process protections continue, requiring the University to develop "personnel policies and procedures (that) include a disciplinary and grievance process which provides for the right to appeal and due process procedures." K.S.A. 76-715a. The statute also required a majority vote of the affected employees[2] and that the University allow for "input from affected classified employees" into the conversion plan. K.S.A. 76-715a. Thus, there was no grandfathering; the statute simply allowed KU employees to grieve certain matters in Lawrence through KU's procedures rather than in Topeka through the civil service board.

Plaintiff focuses on *Harton v. Sperry*, 869 P.2d 752 (Kan. App. 1993), and claims it does not apply because it discussed a "reallocation" rather than a termination. But plaintiff once again ignores the clear terms of the Civil Service Act. The Act provides protection from "dismissal,"

---

[2] That election happened. *See* Scott Rothchild, "Sebelius signs bill to allow KU classified employees to leave civil service system," http://www2.ljworld.com/news/2005/apr/09/sebelius_signs_bill/ (noting that KU classified staff voted to convert to unclassified positions, with 54 percent voting to leave civil service).

K.S.A. 75-2949, but it does not provide protection from "layoff." Plaintiff does not allege that she was "dismissed;" she alleges that she was laid off. Am. Comp. ¶¶9-11. K.S.A. 75-2948 unambiguously provides that an agency may "lay off an employee in the classified service whenever the (agency) deems it necessary by reason of shortage of work or funds … *or the abolition of a position or other material change in duties or organization."* Plaintiff's silence is telling: this clear provision of state law allows the layoff of classified employees.

The logic of this provision is simple: there is no reason to give individual employees a hearing to challenge decisions having nothing to do with their performance. A due process hearing provides the employee with an opportunity to address the charges against her, "but with a reduction in force job performance is not relevant and there are no charges to confront." *Brooks v. Board of Commissioners*, 1998 WL 214669 *3 (N.D. Ill. 1998) (collecting cases). Recognizing that in cases of reorganizations and reductions there are no charges to confront or job performance at issue, the Kansas Civil Service Act and KU Layoff Policy do not require a hearing in such cases. Because the state law provides no protection in that circumstance, plaintiff had no property right, and her due process claim should be dismissed.

**4. Plaintiff's 1983 Claim is Barred by the Statute of Limitations.**

In a civil rights action brought under 42 U.S.C. § 1983, the court applies the applicable state statute of limitations. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). In Kansas, the two-year statute of limitations in K.S.A. 60-513 applies. *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 630-31 (10th Cir. 1993). A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Baker*, 991 F.2d at 632.

Plaintiff resists dismissal by claiming that she did not know or have reason to know her rights had been violated until August 2009. But this conclusory statement contradicts the well-pleaded facts of the amended complaint and should not be credited.[3] Plaintiff received notice of her layoff in January 2009, and she then, "pursuant to KU's layoff policy," applied for two other positions in the University. She had enough notice of layoff to seek those positions, and it is the notice of the employment decision, not proof of a violation of law, that is the relevant date to trigger the running of the statute of limitations. *See Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988) ("Generally, an employee is notified of an adverse employment decision when a particular event or decision is announced by the employer."); *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) ("notice or knowledge of discriminatory motivation is not a prerequisite for a cause of action to accrue under the ADEA").

It is important in the analysis to be clear about what plaintiff claims – and how she appears to confuse the claim to avoid dismissal. Plaintiff's allegations involve two positions, one she had – the Information Specialist in the Customer Service Center (Am. Comp. ¶8), and one she applied and interviewed for – Information Specialist I – Help Desk Team Lead (*Id.*, ¶11).

Plaintiff was notified in January 2009 that the position she had was being eliminated effective June 30. Am. Comp. ¶9. (Thus, she received almost six months' notice.) She did not file this action until March 2011 – more than two years later. Plaintiff, however, argues she could not have known her rights had been violated by her layoff until August 2009, when she was not hired for *the other position* – the Help Desk Team Lead. Pl. Mem. at 10. This argument ignores the numerous cases of the Supreme Court, this circuit, and this district holding that the

---

[3] *See Amore ex rel. Estates of Amore v. Accor*, 529 F.Supp.2d 85, 94 (D.D.C. 2008) (noting that "the court does not accept as true self-contradictory factual allegations and does not make favorable inferences that are unsupported by facts set out in the complaint").

cause of action accrues when the employee has notice of the decision in question. [4] Plaintiff cannot extend the limitations period simply by applying and interviewing for another University position in the meantime. "Mere continuity of employment, without more, is insufficient to prolong the life" of an employment-related cause of action. *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980) (discrimination claim accrued when notice of tenure denial was given, despite continued employment for more than a year later).

To the extent her claim is lack of due process for the Team Lead position she did not get, she again fails to state a claim. Plaintiff had no property interest in a different position at the University, as the layoff policy "pursuant to" which plaintiff applied for the Team Lead Position made clear that "separation from employment" was a possible outcome of her layoff and that there was no guarantee of another position. Am. Comp. ¶10-11.[5] With no guarantee of the Team Lead position, plaintiff had no property interest in it that required due process. Even so, plaintiff applied and interviewed for the position, but she was not successful. In other words, plaintiff received notice and a hearing about her continued employment at the University. Due process for a job applicant requires nothing more.

---

[4] *See Almond v. Unified School Dist. No. 501,* 749 F.Supp.2d 1196, 1216 n. 104 (D.Kan. 2010) (citing, among other cases, *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) (holding that a cause of action based on a demotion and transfer accrues on the date the employer notifies the employee); *McIntire v. Tulsa County Sheriff*, 121 Fed.Appx. 295, 299 (10th Cir. 2005) (holding that claim accrued when the decision to terminate plaintiff was announced, rather than her last day of actual work); *Rzepiennik v. Archstone–Smith, Inc.*, 331 Fed.Appx. 584, 589 (10th Cir. 2009) (holding that a "discrete adverse action 'takes place' when a decision is made and communicated to the plaintiff, even if the effects of the action do not occur until later")).

[5] *See also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 (1972) (assistant professor whose contract was not renewed had no property interest in being rehired); *Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002) ("there is no constitutionally protected property interest in prospective government employment," and a job applicant therefore has no property interest in the position for which she applies).

## CONCLUSION

Plaintiff's due process claim lacks a protected interest, because plaintiff was not a classified employee, and the Kansas Civil Service Act does not extend protection to layoffs. Either way, plaintiff received notice of her layoff in January 2009 and did not file this action until more than two years later. It is therefore barred by the statute of limitations. Plaintiff due process claim should therefore be dismissed.

Respectfully submitted,

__/s  Michael C. Leitch_____    _____
Michael C. Leitch, Kansas Sup. Ct. # 19588
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045
Tel:    (785) 864-3276
Fax:    (785) 864-4617
Email: mleitch@ku.edu

*Attorney for Defendants University of Kansas and Ola Faucher*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2011, a true and correct copy of this document was electronically filed with the clerk of the court by using the CM/ECF system which will provide notice of filing to:

Alan V. Johnson
Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C.
1000 Bank of America Tower
534 S. Kansas Ave.
Topeka, Kansas 66603-3456
Email: ajohnson@sloanlawfirm.com
*Attorney for Plaintiff*

__/s   Michael C. Leitch_____ _____
*Attorney for Defendants*