IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA G. COOK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-2184-KHV/KGS |
| **UNIVERSITY OF KANSAS and** ) | |
| **OLA FAUCHER,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Cynthia Cook brings suit against Ola Faucher, the Director of Human Resources/Equal Opportunity at the University of Kansas, for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. (Count I), and for depriving plaintiff of a property interest without due process under 42 U.S.C. § 1983 (Count II). This matter is before the Court on two motions. The first is Faucher's Motion To Dismiss For Failure To State A Claim (Doc. #13) filed June 6, 2011.[1] Defendant moves to dismiss plaintiff's due process claim because the complaint does not allege that defendant deprived plaintiff of a protected property interest and because the statute of limitations bars the claim. Although Faucher's motion also seeks dismissal of the ADEA count, she now abandons that issue. See Reply Memorandum In Support Of Defendants' Motion To Dismiss Amended Complaint (Doc. #18) filed July 12, 2011.

---

[1] Plaintiff's original complaint brought suit against Faucher and the University of Kansas. Complaint (Doc. #1) filed March 29, 2011. Her amended complaint names only Faucher. Amended Complaint (Doc. #10) filed May 23, 2011. The University filed a Motion to Dismiss (Doc. #8) on May 5, 2011, asserting that it is immune from suit on the basis of sovereign immunity. This Court overruled the motion as moot, as plaintiff's amended complaint – which omitted the University as a defendant – superseded her complaint. Order (Doc. #12) filed May 31, 2011.

The second motion before the Court is Faucher's Motion To Stay Or Dismiss With Supporting Memorandum (Doc. #19) filed September 28, 2011.  In this motion, Faucher seeks to stay or dismiss this action because plaintiff has filed a state court action against the University of Kansas arising out of the same employment actions.  For the following reasons, the Court sustains in part and overrules in part defendant's motion to dismiss for failure to state a claim, and overrules defendant's motion to stay or dismiss.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of framing her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged.  Iqbal, 129 S. Ct. at 1949.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id. (quoting Twombly, 550 U.S.

at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. 1949. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Faucher argues that this case should be stayed under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976),[2] which establishes certain factors for a district court to consider when deciding whether to dismiss or stay a federal suit that parallels a state court proceeding. Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999). Because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," however, a court should decline to exercise jurisdiction under Colorado River only in "exceptional" circumstances. Colo. River, 424 U.S. at 817-18. If deferral to the state court proceeding is appropriate, the Court ordinarily should not dismiss a case, but rather should enter a stay pending the outcome of the state case. See Fox v. Maulding, 16 F.3d 1079, 1083 (10th Cir. 1994). In the event the state court proceedings do not resolve all federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without plaintiff having to file a new federal action. Id.

---

[2] Although Faucher's original motion asks for either stay or dismissal, the Court will consider her motion as seeking only a stay because that is the only relief which her reply memorandum requests.

**Factual Background**

The amended complaint alleges the following facts.

The University of Kansas hired plaintiff in June of 1980 as a Secretary I. At the time, she was a classified employee under the Kansas Civil Service Act ("KCSA"), K.S.A. § 75-2925 et seq. In 2005, the Kansas legislature enacted K.S.A. § 76-715a, which allowed the University to convert all classified employee positions to unclassified positions. Section 76-715a specifically stated that "[i]mplementation of this section shall not cause a salary reduction or layoff of any classified employee."

Pursuant to Section 76-715a, the University converted plaintiff's classified position to an unclassified position. On or about January 18, 2008, plaintiff became an Information Specialist in the University of Kansas Customer Service Center. In January of 2009, the University notified plaintiff and six other full-time support staff employees at the Customer Service Center that it planned to lay them off, effective June 30, 2009, due to a reorganization of the Customer Service Center. All seven employees were over 40.

The University has adopted a formal policy for laying off support staff entitled "Layoff Policy/Procedures for University Support Staff." This policy states in part as follows:

**Layoff Definition:**

A layoff is a reduction in work force usually necessitated by either shortage of work or funds, reinstatement of an employee from leave, the abolition of a position, or other material change in duties or reorganization. A layoff action can result in:

• Separation from University employment; or

• Placement into a "comparable position" currently filled by an employee on initial probationary status if available and selection criteria are met; and/or

• Placement in a position in a different salary grade, band and level than previously held (required qualifications must be met); and/or

- Reduction in the number of months worked during a year; and/or

- Reduction in number of hours worked (FTE) during the work week.

(Doc. #10 at 3). In accordance with the University layoff policy, plaintiff applied for placement in two positions with a different salary grade, band and level than her position as an Information Specialist. One such position was that of Information Specialist I - Help Desk Team Lead. On June 18, 2009, defendant notified plaintiff that the University had extended her projected layoff date to August 31, 2009 because "the customer service area still has a need for your expertise in providing assistance to users while the reorganization is being finalized." (Doc. #10 at 4).

In July of 2009, the University hired Heather Coffman as the new manager of the Customer Service Center. At that time, Coffman was about 32 years old. In August of 2009, Coffman interviewed plaintiff for the position of Information Specialist I - Help Desk Team Lead. The University interviewed three other candidates for the position; one was 42 years old and the other two were 29 years old. Plaintiff was better qualified and had more experience than all three of the other candidates. Based on Coffman's recommendations, the University selected all three of the younger candidates to fill Team Lead positions, but did not select plaintiff.

The University terminated plaintiff's employment on August 31, 2009. Plaintiff did not know, and had no reason to know, the date on which her projected layoff would result in termination of her employment until August of 2009, when she did not get the Team Lead position. Plaintiff filed her complaint on March 29, 2011.

## **Analysis**

To state a procedural due process claim under the Fourteenth Amendment and Section 1983, plaintiff must plausibly allege that (1) she possessed a protected property interest in continued

employment at the University of Kansas, and (2) defendant deprived her of the appropriate process in terminating her employment. Meiners v. Univ. of Kan., 359 F.3d 1222, 1233 (10th Cir. 2004); Hatfield v. Bd. of Cnty. Com'rs for Converse Cnty., 52 F.3d 858, 862-63 (10th Cir. 1995). Defendant seeks to dismiss plaintiff's due process claim because it is barred by the statute of limitations and because the complaint does not allege that plaintiff had a protected property interest in continued employment.

**I.    Statute of Limitations**

Because no federal statute of limitations exists for Section 1983 actions, courts look to analogous state laws and the applicable state statutes of limitation to determine the appropriate time limit for filing a particular Section 1983 action. Baker v. Bd. of Regents of Kan., 991 F.2d 628, 630 (10th Cir. 1993). The parties agree that a two-year statute of limitations applies. See K.S.A. § 60-513.

Federal law, however, controls when a federal cause of action accrues. Baker, 991 F.2d at 632. A Section 1983 action accrues when a plaintiff knew or had reason to know of the injury which is the basis of the action. Baker, 991 F.2d at 632. Thus, employment discrimination claims under Section 1983 accrue when the employer notifies the employee of its adverse employment decision or action. Delatorre v. Minner, 238 F. Supp.2d 1280, 1286 (D. Kan. 2002) (citing Del. State College v. Ricks, 449 U.S. 250, 260 (1980)).

Defendant argues that plaintiff's due process claim accrued in January of 2009 when defendant notified plaintiff that the University was going to lay her off effective June 30, 2009. Plaintiff contends that she did not know, or have any reason to know, that her projected layoff would result in termination of her employment until August of 2009 when she did not get a Team Lead position. The University's policy states that a layoff action can result in the employee's placement in a different position. A laid-off employee is thus not necessarily separated from University employment. Pursuant to this policy,

plaintiff applied for the Team Lead position and another position, but she did not get either job. Moreover, the University notified plaintiff in June of 2009 that her projected layoff date was being extended by two months.

Construing the amended complaint in the light most favorable to plaintiff, it plausibly alleges that plaintiff did not have notice of defendant's adverse employment decision until August of 2009 – less than two years before plaintiff filed her complaint on March 29, 2011. Based on this record, the Court cannot find that her claim is time-barred.

**II.    Protected Property Interest**

A constitutionally protected property interest is a "legitimate claim of entitlement" to some benefit. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). It is more than an abstract need or desire or a unilateral expectation. Id. It is "an individual entitlement grounded in state law, which cannot be removed except for cause." Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982); Hatfield, 52 F.3d at 863. Property interests are created and defined "by existing rules or understandings that stem from an independent source such as state law." Roth, 408 U.S. at 577. Thus, constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials. Hulen v. Yates, 322 F.3d 1229, 1240 (10th Cir. 2003).

Here, plaintiff claims a constitutionally protected property interest in continued employment under the KCSA, K.S.A. §§ 75-2925 et seq., and the Kansas civil service conversion statute, K.S.A. § 76-715a. The KCSA established a system of personnel administration that regulates employment decisions with respect to employees in the state classified service. It provides that "[n]o permanent employee in the classified service shall be dismissed, demoted or suspended for political, religious, racial or other nonmerit reasons." K.S.A. § 75-2949(a). With respect to laying off a classified

employee, the KCSA provides as follows:

> In accordance with rules and regulations adopted therefor, an appointing authority, with the approval of the secretary of administration, may lay off an employee in the classified service whenever the appointing authority deems it necessary by reason of shortage of work or funds, the return of an employee from authorized leave, or the abolition of a position or other material change in duties or organization.

K.S.A. § 75-2948(a).

The conversion statute allows the Kansas board of regents to "authorize any state institution of higher education to convert all classified staff employee positions . . . to the unclassified service of state employment." K.S.A. § 76-715a(a). The statute provides that "classified staff employees whose positions are converted from classified to unclassified status shall retain all health and flexible benefits and leave and retirement benefits provided them under the state classified employee system," and that each institution must implement a system for administering all other aspects of employment for converted employees. Id. It also provides that the "[i]mplementation of this section shall not cause a salary reduction or layoff of any classified employee." Id.

The amended complaint alleges that in January of 2008, pursuant to the conversion statute, the University converted plaintiff's position from classified to unclassified status. Plaintiff now takes issue with that action, arguing that the conversion statute authorized only prospective conversion of positions from classified to unclassified, i.e. that it applied only to those employees hired after the positions become unclassified. She therefore asserts that the conversion statute "grandfathered in" a property right in continued employment under the KCSA.

To support this argument, plaintiff relies exclusively on Darling v. Kansas Water Office, 245 Kan. 45, 774 P.2d 941 (1989), and a single sentence from the conversion statute which states that "[i]mplementation of this section shall not cause a salary reduction or layoff of any classified

-8-

employee." K.S.A. § 76-715a(a). Darling involved "extraordinary" legislation by which the Kansas legislature declassified the positions of all classified employees of the Kansas Water Office except for clerical and financial management employees, and abolished the positions effective 30 days after enactment of the legislation. Darling, 245 Kan. at 46-47, 774 P.2d at 942-43. In Darling, plaintiffs were once-classified employees under the KCSA whose positions the legislature declassified and abolished, and whom the Water Office did not rehire. Id. at 47, 774 P.2d at 943.

The Kansas Supreme Court held that the Water Office conversion statute violated the plaintiffs' procedural due process rights. It stated that "[s]tates are under no obligation to create property rights in their employees' employment through enactment of civil service legislation. However, once a state has elected to do so, due process rights attach." Id. at 49, 774 P.2d at 944. It concluded that the plaintiffs had a property interest in the right to continued employment under the KCSA absent dismissal for cause, and that the legislation stripped the plaintiffs of this interest without due process. Id. at 49-52, 774 P.2d at 944-46.

In so holding, the court emphasized the extraordinary nature of the statute and the uniqueness of the case. In a carefully circumscribed ruling, the court stated:

> [I]t should be emphasized that the case before us does not involve elimination of a state agency, reduction of positions authorized for a state agency, consolidation of two agencies into one, transfer of functions from one agency to another, or any other situation involving elimination of particular positions. Further, this action does not involve the State's right to declassify a position prospectively, effective only as to employees to be hired in the future. Had [the Water Office conversion statute] declassified the positions without the mandatory terminations and grandfathering in, to existing employees, their civil service rights, the case herein would not be before us.

Id. at 49, 774 P.2d at 944.

Plaintiff contends that in light of Darling, the Court should read the conversion statute at issue here to apply only prospectively, and to "grandfather in" existing classified employees such as plaintiff.

Plaintiff's reading of the statute is unpersuasive for two reasons: (1) by its express terms, Darling does not apply to this case because this case involves the elimination of positions as part of an organizational restructuring; and (2) the plain language of the conversion statute clearly applies to those who were classified employees at the time the statute was enacted. The conversion statute permits the board of regents to "authorize any state institution of higher education to convert all classified staff employee positions or any portion thereof in the institution to the unclassified service of state employment." K.S.A. § 76-715a. It further provides that "[t]hose classified staff employees whose positions are converted from classified to unclassified status shall retain all health and flexible benefits and leave and retirement benefits provided to them under the state classified employee system." Id.

Plaintiff was an unclassified employee under the KCSA and the conversion statute at the time the University terminated her employment.[3] As an unclassified employee, plaintiff had no protected right to continued employment under the KCSA. See Whitmore v. Kansas, 3 Kan. App.2d 101, 103, 590 P.2d 106, 108 (1979). Because the Court finds that plaintiff did not have a protected property interest in continued employment under the KCSA and the conversion statute, the Court sustains defendant's motion to dismiss Count II of plaintiff's amended complaint.

## III.    Motion to Stay

After amending her complaint in this action to omit the University as a defendant, plaintiff filed a new action against the University in Douglas County District Court. (See Exhibit A to Motion to Stay or Dismiss with Supporting Memorandum (Doc. #19) filed September 28, 2011.) Defendant now asks

---

[3] The amended complaint alleges that after the University converted plaintiff's Secretary I position from classified to unclassified, plaintiff became an Information Specialist in the Customer Service Center. Although plaintiff argues that she maintained her classified status because the conversion statute did not apply to her, she does not allege that her new position was classified under the KCSA.

-10-

this Court to stay this action, alleging that the cases are duplicative.

In deciding whether a stay is appropriate, the Court must first determine "whether the state and federal proceedings are parallel." Allen v. Bd. of Educ., Unified Sch. Dist. No. 436, 68 F.3d 401, 403 (10th Cir. 1995). Suits are parallel if substantially the same parties litigate substantially the same issues in different forums. Id. Defendant argues that the cases are parallel, as they challenge the same employment actions and assert the same theories of age discrimination and due process. Because this order dismisses plaintiff's federal due process claim (Count II), the due process claim in plaintiff's state court action against the University has no analog in this case. And although plaintiff acknowledges that the interests of the University and Faucher are aligned in the age discrimination counts because official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent," Kentucky v. Graham, 473 U.S. 159, 165 (1985), her claim against Faucher is brought under the ADEA and her claim against the University is grounded in the Kansas Age Discrimination in Employment Act. Plaintiff's prayer in each case points out the difference in available remedies: in federal court, she seeks reinstatement, attorney fees, and expenses under the ADEA, while in state court she seeks back pay, front pay or reinstatement, loss of benefits, liquidated damages and prejudgment interest under the Kansas Age Discrimination in Employment Act.

This Court is to "examine the state proceedings as they actually exist," rather than what claims could have been included, to determine if they parallel the federal proceedings. Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994). Because the due process claim no longer pertains in this case and plaintiff is entitled to seek different forms of relief under the federal and state employment discrimination statutes, the cases are not parallel. We therefore need not consider the Colorado River factors to determine whether a stay is warranted.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #13) filed June 6, 2011, be and hereby is **SUSTAINED** in part and **OVERRULED** in part.  The Court sustains the motion with respect to plaintiff's due process claim (Count II) and overrules it with respect to her ADEA claim (Count I).

**IT IS FURTHER ORDERED** that defendant's Motion To Stay Or Dismiss With Supporting Memorandum (Doc. #19) filed September 28, 2011, is **OVERRULED**.

Dated this 6th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge