IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA G. COOK,** )<br>)<br>　　　　**Plaintiff,** )<br>) | **CIVIL ACTION** |
| **v.** )<br>) | **No. 11-2184-KHV** |
| **UNIVERSITY OF KANSAS and** )<br>**OLA FAUCHER,** )<br>)<br>　　　　**Defendants.** )<br>_____) | |

**MEMORANDUM AND ORDER**

Cynthia Cook has made a jury demand in her suit against Ola Faucher, the Director of Human Resources/Equal Opportunity at the University of Kansas, for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. This matter is before the Court on Defendant Ola Faucher's Motion To Strike Jury Demand And Remove Case From November Jury Trial Docket (Doc. #47) filed July 5, 2012. Defendant moves to strike plaintiff's jury demand because plaintiff seeks equitable relief only and thus is not entitled to a jury trial under the ADEA or the Seventh Amendment to the U.S. Constitution. For the following reasons, the Court sustains defendant's motion to strike jury demand but overrules defendant's motion to remove the case from its trial setting.

The ADEA provides the following with respect to an aggrieved party's right to bring a civil action for legal or equitable relief:

> [A] person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.

29 U.S.C. § 626(c)(2). Courts uniformly interpret this language as "draw[ing] the line between equitable issues and legal issues in providing a right to a jury determination." Ventura v. Fed. Life Ins. Co., 571

F. Supp. 48, 51 (N.D. Ill. 1983). See also Monroe v. United Air Lines, Inc., Civil Action No. 79 C 360, 1983 WL 432, at *1 (N.D. Ill. Jan. 12, 1983) (following jury verdict on damages claim in ADEA action, court ruled on equitable claim of reinstatement); Criswell v. West. Air Lines, Inc., 514 F. Supp. 384, 393-94 (C.D. Cal. 1981) (same). Plaintiff seeks prospective injunctive relief in the form of reinstatement. See Pretrial Order (Doc. #42) at 7. Accordingly, she is not entitled to a jury trial under the ADEA.

As defendant appropriately notes, the Court must also consider whether plaintiff has a right to jury trial under the Seventh Amendment to the U.S. Constitution. See Van Keppel v. Fly Ash Mgmt., L.L.C., No. 97–2681–KHV, 1998 WL 596726 (D. Kan. Aug. 3, 1998). Because reinstatement is an equitable remedy, Millsap v. McDonnell Douglas Corp., 368 F.3d 1246, 1255 n.8 (10th Cir. 2004), plaintiff has no such right. See Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1162 (10th Cir. 1998). For the foregoing reasons, along with those stated in defendant's motion, plaintiff is not entitled to a jury trial.

**IT IS THEREFORE ORDERED** that Defendant Ola Faucher's Motion To Strike Jury Demand And Remove Case From November Jury Trial Docket (Doc. #47) filed July 5, 2012, be and hereby is **SUSTAINED** in part and **OVERRULED** in part. The Court sustains the motion to strike plaintiff's jury demand and overrules it with respect to removing the case from the Court's November 5 trial docket. The Court further declines plaintiff's request for an advisory jury pursuant to Federal Rule of Civil Procedure 39(c)(1).

Dated this 30th day of August, 2012 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           KATHRYN H. VRATIL
                                           United States District Judge